STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6758
FAX: (415) 436-7234
Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 21-MJ-70787 MAG |
| | 13-CR-00403 CRB |
| Plaintiff, | |
| | [PROPOSED] ORDER DETAINING DEFENDANT |
| v. | MELTHON BRANCH PRIOR TO TRIAL |
| | |
| MELTHON BRANCH, | |
| | |
| Defendant. | |

On May 7, 2021, defendant Melthon Branch was charged in a Criminal Complaint with Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 21-MJ-70787 MAG. The defendant made an initial appearance on May 12, 2021, at which time the government moved for his pretrial detention. The Court also arraigned the defendant on a Form 12 violation, based on the same conduct charged by complaint. The Court held the detention hearing on May 17, 2021. The defendant was present and represented by Jodi Linker, Esq. At that time, the parties submitted proffers and arguments, summarized briefly below.

The government argued that the defendant is a danger to community citing the defendant's

criminal record and continued use and possession of weapons and firearms. The government highlighted that the defendant has obtained three convictions associated with weapon use and/or possession within the last 10 years. The defendant was convicted in 2011 for Assault with a Deadly Weapon and this conviction constitutes a crime of violence. Stemming from a separate arrest, the defendant was convicted also in 2011 for Carrying a Concealed Weapon. This conviction involved a loaded firearm. In 2014, the defendant was convicted for Felon in Possession of a Firearm and sentenced to 71 months before the Honorable Judge Charles R. Breyer. The defendant was on probation for this conviction at the time of the present case. The government further highlighted the defendant's 2013 conviction for Felon in Possession of a Firearm, pursuant to 18 U.S.C. § 922(g)(1); where a shooting occurred. The government also proffered that the defendant is a suspected member of the Towerside gang.

Through defense counsel, Mr. Branch proffered that the factors supporting pretrial detention can be mitigated by a custodian; his wife. The defendant could reside with his wife in Stockton, CA away from San Francisco and any gang activity in Towerside. The defendant, through counsel, further denied that the defendant is a part of any gang. Defense further proffered that the shooting referenced in the presentencing report from the defendant's 2014 conviction was not a part of the defendant's plea.

Probation agreed with the government and suggested Mr. Branch be detained awaiting trial, pointing to the defendant's gang affiliation, continued possession of firearms, and other violations of probation. Probation also proffered that Mr. Branch is on parole in Alameda county and is not permitted to live outside the county. Further, probation conducted a visit at the defendant's wife residence and still determined that detention is warranted.

Upon consideration of probation, the court file, and the parties' proffers at the detention hearing, the Court finds by clear and convincing evidence that, the defendant is a danger to the community and lesser restrictive means will not assure the safety of the community. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

[~~PROPOSED~~] ORDER DETAINING DEFENDANT MELTHON BRANCH PRIOR TO TRIAL
21-MJ-70787 MAG

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court is persuaded by the government's argument that Mr. Branch is a danger to the community. Currently, the defendant shows a continued possession of firearms and disregard for probation. The Court does not take into consideration the allegations about gang membership in this decision.

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, based on the current record, the defendant is a danger to the community. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

May 18, 2021

_____
HON. SALLIE KIM
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT MELTHON BRANCH PRIOR TO TRIAL
21-MJ-70787 MAG